UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PEDRO FLORES,  Index No. 301734/10

                           Plaintiff,

- against -  **AMENDED VERIFIED COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. ANTHONY
CALTABIANO (SHIELD #7499) and P.O.
JEFFERY CROISSANT (SHIELD #14443),

                          Defendants.
------------------------------------------------------------------------X

      PLAINTIFF, PEDRO FLORES, by her attorneys, RASKIN & KREMINS, L.L.P., complaining of defendants, upon information and belief, respectfully alleges as follows:

## THE PARTIES

      1.     That at all times hereinafter mentioned, plaintiff, PEDRO FLORES, was and is a resident of New Jersey.

      2.     That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

      3.     That at all times hereinafter mentioned, defendant, THE NEW YORK CITY POLICE DEPARTMENT, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

      4.     That at all times hereinafter mentioned, defendant, P.O. ANTHONY CALTABIANO, was employed by defendant, THE CITY OF NEW YORK.

5.  That at all times hereinafter mentioned, defendant, P.O. JEFFERY CROISSANT, was employed by defendant, THE CITY OF NEW YORK.

6.  That at all times hereinafter mentioned, defendant P.O. ANTHONY CALTABIANO, was employed by defendant, THE NEW YORK CITY POLICE DEPARTMENT.

7.  That at all times hereinafter mentioned, defendant P.O. JEFFERY CROISSANT, was employed by defendant, THE NEW YORK CITY POLICE DEPARTMENT.

## JURISDICTION AND VENUE

8.  This court has subject matter jurisdiction pursuant to 28 U.S.C. 331 and 1343 in that it alleges claims for relief arising under 42 U.S.C. 1983.

9.  Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the district and or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

11. At all times relevant and material herein, the defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, operated, maintained, managed, supervised, and controlled a police department of, and in conjunction with, its municipal functions.

12. At all times relevant and material herein, the defendants. P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, were each employees of the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

13. At all times relevant and material herein, the defendants, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, were personnel of the Police Department of the City of New York.

14. That at all times hereinafter mentioned and upon information and belief, the defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, employed and supervised the defendants, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT.

15. Upon information and belief, the defendants, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, were graduates of the Police Academy of the City of New York.

16. At all times relevant hereto, the defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently inflict injuries to citizens such as Plaintiff herein.

17. In addition, at all times relevant hereto, the defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant

officers, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, in the protections of the rights of Plaintiff under the Constitution and Bill of Rights.

18. That at all times hereinafter mentioned and upon information and belief, the defendants, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, were acting in their capacities as employees, agents or servants of the defendants CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

19. That at all times hereinafter mentioned, the defendants, P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, were acting under the color of law.

20. That at all times hereinafter mentioned, the defendants' acts constitutes state action.

21. That on or about October 4, 2013, at approximately 12:00 A.M., defendants P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, came to be in, around or about Fort Tryon Park in the County of New York, City and State of New York.

22. Additionally, that on or about October 4, 2013, at approximately 12:00 A.M., defendants P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT, were on duty and/or acting as employees, agents or servants of the defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and were also present at the same time and in the same place of Plaintiff, aforesaid.

23. That on or about October 4, 2013, at approximately 12:00 A.M., defendants P.O. ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT detained, attacked and beat Plaintiff and further assaulted Plaintiff.

24. In addition to defendants' willful and intentional attack upon Plaintiff, the defendants intentionally held and restrained Plaintiff without his consent.

25. Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

26. The charges were subsequently dismissed or otherwise disposed of.

27. All of the defendants' acts described in the preceding two paragraphs were without probable or just cause, and were excessive, unreasonable, unnecessary, and without any privilege or justification.

28. By reason of the foregoing acts by the defendants, Plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer continuous pain and anguish.

29. By reason of the foregoing acts by defendants, Plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and, upon information and belief, will continue to suffer the same.

30. Plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and, upon information and belief, Plaintiff will necessarily incur similar expenses.

31. By reason of the foregoing, Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and, upon information and belief, Plaintiff will necessarily incur similar legal fees.

**ALLEGATIONS PERTAINING TO
PLAINTIFF'S CLAIMS UNDER STATE LAW**

32. Before the commencement of this action, on or about December 9, 2013, or within the time mandated by law, a Notice of Claim containing the information required by law was served upon CITY OF NEW YORK and THE NEW YORK CIT POLICE DEPARTMENT.

33. A hearing pursuant to Municipal Law §50(h) was held.

34. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and said defendants has neglected and/or refused to make payment of adjustment thereof.

35. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

### FIRST CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C. 1983 FOR DEFENDANTS' VIOLATION OF PLAINTIFF'S CIVIL RIGHTS)

36. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

37. The defendants' acts towards Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause of belief that Plaintiff committed any crime.

38. Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties and freedoms under color of State law, under 42 U.S.C. 1983.

39. Said violation of Plaintiff's Constitutional caused him personal injury and damage, both physical and mental; and severe emotional distress and illness.

40. By reason of Defendants' violation of Plaintiff's Constitutional right, Plaintiff is entitled to judgment in the amount of $800,000.00.

**SECOND CLAIM FOR RELIEF**
**(PURSUANT TO 42 U.S.C. 1983 FOR**
**ASSAULT AND BATTERY AND**
**USE OF EXCESSIVE FORCE**
**UNDER COLOR OF STATE LAW)**

41.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

42.  The defendants' assault and battery of Plaintiff was excessive, unwarranted, unnecessary and violent and violated Plaintiff's rights under the Constitution.

43.  The said assault and battery caused Plaintiff personal injury and damage, both physical and mental; and severe emotional distress and illness.

44.  As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

**THIRD CLAIM FOR RELEF**
**(PURSUANT TO 42 U.S.C. 1983 FOR**
**FALSE ARREST AND IMPRISONMENT**
**UNDER COLOR OF STATE LAW)**

45.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

46.  The defendants arrested, detained, and imprisoned Plaintiff, without warrant, even though they knew or should have known that he was wholly innocent of any crime than and there alleged against him, and thus violated Plaintiff's Constitutional rights.

47.  As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

## FOURTH CLAIM FOR RELIEF
### (COMMON LAW ASSAULT)

48. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

49. The defendants are liable for assault to Plaintiff.

50. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW BATTERY)

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

52. The defendants are liable for battery to Plaintiff.

53. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

## SIXTH CLAIM FOR RELEF
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

55. The defendants are liable for false arrest and false imprisonment to Plaintiff.

56. As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

### SEVENTH CLAIM FOR RELIEF
### (COMMON LAW INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS)

57.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

58.     The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was outrageous, shocking and exceeded all reasonable bounds of behavior.

59.     The defendants are liable for intentional infliction of emotional distress to Plaintiff.

60.     As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

### EIGHTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION
### OF EMOTIONAL DISTRESS)

61.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

62.     The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was careless and negligent as to the emotional health of Plaintiff.

63.     The defendants are liable for negligent infliction of emotional distress to Plaintiff.

64.     As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

### NINTH CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

65.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

66.     The defendants CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, were negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiff.

67.     Additionally, the Defendants ANTHONY CALTABIANO and P.O. JEFFERY CROISSANT were negligent in their conduct, in causing, or allowing, the occurrences as aforesaid.

68.     As a result thereof, Plaintiff is entitled to judgment in the amount of $800,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the defendants as follows: On each CLAIM FOR RELIEF, judgment in the amount of $800,000.00; and, in the event plaintiff is the prevailing party, attorney fees, and Interest, costs, and other such relief as to this Court shall seem just and proper.

Dated: New York, New York
       August 20, 2015

                                         RASKIN AND KREMINS, L.L.P.

                                         _____
                                         MICHAEL KREMINS, ESQ (6377)
                                         Attorneys for Plaintiff
                                         PEDRO FLORES
                                         160 Broadway - 4th Floor
                                         New York, New York 10038
                                         (212)587-3434
                                         Our File No.: N-4334

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNT OF NEW YORK)

MICHAEL KREMINS, ESQ., affirms as true under the penalties of perjury the following:

That I am a member of RASKIN & KREMINS, L.L.P., attorneys for plaintiff herein.

That I have read and know the contents of the foregoing VERIFIED SUMMONS and AMENDED COMPLAINT, that the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe it to be true.

That the reason why this verification is made by your affirmant instead of by the plaintiff is because the plaintiff is not within the County of New York, which is the County where your affirmant has his office. Your affirmant further says that the grounds of this belief as to all matters in the said SUMMONS and AMENDED COMPLAINT are statements of said plaintiff's papers and records in his possession, and a general investigation of the facts of this case.

Dated: New York, New York
       August 20, 2015

_____
MICHAEL KREMINS, ESQ. (6377)